United States District Court
Southern District of Texas
**ENTERED**
November 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NELSON ARIEL UMANZOR CHAVEZ, § § Petitioner § § VS. § KRISTI NOEM, *et al.*, § § Respondents. § | CIVIL ACTION NO. 1:25-CV-252 |

## TEMPORARY RESTRAINING ORDER

The Court has reviewed Petitioner Nelson Ariel Umanzor Chavez's Motion for a Temporary Restraining Order (Doc. 2), as well as his Petition for Writ of Habeas Corpus (Doc. 1). Petitioner alleges the government will immediately remove him to Mexico before providing him with a credible fear interview, which Petitioner alleges he is legally required to receive before being removed. On November 7, 2025, to preserve the status quo, the Court issued an initial Temporary Restraining Order (Doc. 3).

On November 12, 2025, the Court held a hearing on the Motion for a Temporary Restraining Order. Counsel for Respondents confirmed that Petitioner remains at a government processing center in Cameron County, Texas, within the jurisdiction of this Court. Respondents' counsel also confirmed that absent further injunctive relief, Respondents intend to remove Petitioner as soon as possible.

Based on the Petition and Motion, the Court finds that evidence supports the following preliminary findings:

1. Petitioner Nelson Ariel Umanzor Chavez is a native of El Salvador and is currently being held at a government processing center in Cameron County, Texas, within the jurisdiction of the Southern District of Texas;

2. Absent emergency injunctive relief, a substantial likelihood exists that Respondents will remove Petitioner from the United States to a country to which he has expressed a fear of being removed, without having received a credible fear interview.

To be entitled to a temporary restraining order, "the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (concerning a preliminary injunction); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (noting that the party seeking injunctive relief must meet all four factors "before a temporary restraining order or preliminary injunction can be granted"). The Court finds that, based on the record before it, the Petitioner has carried his burden on each of the factors.[1]

Accordingly, pursuant to Federal Rule of Civil Procedure 65 and the Court's inherent powers, it is:

**ORDERED** that Respondents are enjoined from transferring, relocating, or removing Petitioner Nelson Ariel Umanzor Chavez to Mexico or any other country which Petitioner, either directly or through counsel, has specifically indicated to Respondents a fear of being removed; and

**ORDERED** that a hearing on Petitioner's Motion for Preliminary Injunction is scheduled for December 10, 2025, at 1:30 p.m.

---

[1] The Court also finds, as a preliminary matter, that it has subject matter jurisdiction over the relief sought. *See, e.g., Sagastizado v. Noem*, No. 5:25-CV-00104, 2025 WL 2957002, at *6 (S.D. Tex. Oct. 2, 2025) (finding that jurisdiction existed in an analogous case). To the extent that subject matter jurisdiction has not been clearly established, the Court enters this Temporary Restraining Order to preserve the status quo until the issue can be decided. *See ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978) ("When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it.").

It is also **ORDERED** that Petitioner Nelson Ariel Umanzor Chavez shall file a Motion for Preliminary Injunction by no later than November 17, 2025. Respondents shall file a Response by no later than December 3, 2025. Petitioner may file a Reply by no later than December 8, 2025.

The court shall conduct the Preliminary Injunction hearing by videoconference. If any party wishes to present live testimony at the Preliminary Injunction hearing, the party shall notify the Court's case manager by no later than December 3, 2025. If a party intends to present live testimony at the hearing, the Court will conduct the hearing in person.

This Temporary Restraining Order shall expire on the earlier of 5:00 p.m. (central time) on Wednesday, December 10, 2025, or by Order of the Court.[2]

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on November 12, 2025 at 3:00 p.m. (central time).

_____
Fernando Rodriguez, Jr.
United States District Judge

---

[2] Counsel for Respondents confirmed their consent to the length of this Temporary Restraining Order, which exceeds 14 days and which is required to afford the parties adequate time to brief the issues that the matter raises.