United States District Court
Southern District of Texas

**ENTERED**
November 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NELSON ARIEL UMANZOR CHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-252 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On November 12, 2025, the Court issued a Temporary Restraining Order (Doc. 5), which prohibited the Respondents from "transferring, relocating, or removing Petitioner Nelson Ariel Umanzor Chavez to Mexico or any other country which Petitioner, either directly or through counsel, has specifically indicated to Respondents a fear of being removed[.]"  The Court enjoined the Respondents from doing so through December 10, 2025, when the Court would hold a hearing on a Motion for Preliminary Injunction.

On November 13, 2025, the Respondents removed the Petitioner to Mexico.  On November 14, 2025, Petitioner's counsel informed the Court of Petitioner's removal.  The Court held a hearing on the matter on the same day, in which Respondents' counsel confirmed that Petitioner was mistakenly removed to Mexico and Respondents have initiated efforts to facilitate his return to the United States.

"Courts possess the inherent authority to enforce their own injunctive decrees." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).  "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Waste Mgmt. of Washington, Inc. v. Kattler*, 776 F.3d 336, 341 (5th Cir. 2015).  The Court can impose civil contempt sanctions against government officials. *See Gilbert v. Johnson*, 490 F.2d 827, 830 n.6

1 / 2

(5th Cir. 1974) (instructing the district court on remand to consider "apply[ing] the sanctions of contempt even though Government officials are involved[.]")  However, "sanctions imposed in civil contempt proceedings must always give to the alleged contemnor the opportunity to bring himself into compliance, the sanction cannot be one that does not come to an end when he repents his past conduct and purges himself." *Texas v. Ysleta Del Sur Pueblo*, 431 F. App'x. 326, 330 n.22 (5th Cir. 2011) (unpubl.) (cleaned up) (quoting *Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965)).

Accordingly, it is:

**ORDERED** that the Respondents shall facilitate the return of Petitioner Nelson Ariel Umanzor Chavez to the United States by no later than November 28, 2025; and

**ORDERED** that by no later than November 28, 2025, Respondents shall file a Statement informing the Court that Petitioner Nelson Ariel Umanzor Chavez has been returned to the United States, or they shall inform the Court what actions they undertook to return him and the prospects for returning him, providing a sworn declaration from a government official with personal knowledge of the efforts. *Noem v. Abrego Garcia*,— U.S. —, 145 S. Ct. 1017, 1018 (2025).

Upon his return, the Respondents may continue to hold Umanzor Chavez in immigration custody.

If Umanzor Chavez is timely returned to the United States, the Court will consider any civil contempt to have been purged.

Signed on November 14, 2025, at 3:45 p.m. (CST)

_____
Fernando Rodriguez, Jr.
United States District Judge